IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RAYNARD GRAVES, | : | No. 09-CV-207 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| OSBORNE SHEPARD and JONATHAN WOODSON, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## May 28, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Rec. Doc. 6) which recommends that we transfer the above-captioned case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). No objections to the R&R have been filed by either party.[1] For the reasons set forth below, the Court will adopt the R&R.

I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the

---

[1] Objections were due by February 23, 2009. To this date, none have been filed.

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Raynard Graves ("Plaintiff" or "Graves") initiated the instant action by filing a Complaint on February 2, 2009. Through a well-reasoned R&R dated February 5, 2009, Magistrate Judge Smyser recommended that we transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the

2

Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order will enter.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYNARD GRAVES, | : | CIVIL NO. **4:09-CV-00207** |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| OSBORNE SHEPARD and JONATHAN WOODSON, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

On February 2, 2009, the plaintiff, a federal prisoner proceeding *pro se,* commenced this action by filing a complaint. The plaintiff also filed an application to proceed *in forma pauperis.*

The plaintiff claims that in 1994 the defendants, two Temple University Police Officers, violated his Fourth Amendment rights by illegally arresting him in Philadelphia, Pennsylvania.

The plaintiff is incarcerated at the Untied States Penitentiary at Allenwood, which is in this district. However,

venue in this case is proper in the United States District Court for the Eastern District of Pennsylvania.

28 U.S.C. §1391(b) is the venue provision for federal question cases. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The plaintiff's claim concerns events that occurred in the Eastern District of Pennsylvania. The defendants, identified as Temple University Police Officers, presumably reside in the Eastern District of Pennsylvania. The plaintiff has not alleged any facts that would lay venue in the United States District Court for the Middle District of Pennsylvania.

Venue in this case is proper in the United States District Court for the Eastern District of Pennsylvania, not this court.

It is recommended that this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

/s/ *J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 5, 2009.

3